**PHILLIPS DAYES LAW GROUP PC**
ATTORNEYS AT LAW
Suite 1500
3101 North Central Avenue
Phoenix, Arizona 85012
(602) 288-1610
docket@phillipsdayeslaw.com

JOHN L. COLLINS
Arizona Bar No. 030351
johnc@phillipsdayeslaw.com
TREY DAYES
Arizona Bar No. 020805
treyd@phillipsdayeslaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin Bailey; | Case No.: _____ |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| T.B.V. Enterprises, Incorporated, d/b/a VSS Security Services, a domestic corporation; and Thomas J. Vigilante and Betsy Vigilante, husband and wife; | **JURY DEMAND** |
| Defendants. | |

Plaintiff Kevin Bailey brings this claim, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, based on Defendants' failures to pay his overtime wages as required by Federal law.

//

## NATURE OF THE CASE

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

2. Employers must compensate employees for all work that employers permit employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

3. Plaintiff brings this action against Defendants for unlawful failure to pay overtime wages in direct violation of the FLSA.

4. For at least two years prior to the filing of this action, Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

5. For at least two years prior to the filing of this action, Plaintiff worked at least ten (10) hours in excess of forty (40) hours per week and was not paid time and one-half.

6. Plaintiff seeks to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

8. Venue is proper under 28 U.S.C. § 1391(b) because Defendants are residents of this judicial district and because a substantial part of the events or omissions giving rise to Plaintiff's claims arose within the boundaries of this judicial district.

## PARTIES

9. At all times material hereto, Plaintiff Kevin Bailey was and continues to be a resident of Maricopa County, Arizona.

10. On information and belief, at all times material hereto, Defendant T.B.V. Enterprises, Incorporated, ("TBV") was and continues to be an entity organized under the law of the State of Arizona, doing business as VSS Security Services in Maricopa County, Arizona, and is subject to the jurisdiction of this Court.

11. On information and belief, at all times material hereto, Defendants Thomas J. Vigilante and Betsy Vigilante, husband and wife, are each residents and domiciliaries of Maricopa County, Arizona, and are subject to the jurisdiction of this Court.

12. On information and belief, Defendant Thomas J. Vigilante ("T. Vigilante") made all managerial and operational decisions on behalf of the business.

13.     On information and belief, Defendants Thomas J. Vigilante and Betsy Vigilante each engaged in conduct complained of herein for the benefit of the marital community, which remains liable to Plaintiff.

14.     At all relevant times, Plaintiff was an "employee" of Defendant TBV and of Defendant T. Vigilante, as defined by 29 U.S.C. § 203(e)(1).

15.     The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendants TBV and T. Vigilante.

16.     At all relevant times, Defendants TBV and T. Vigilante were and continue to be an "employer" as defined in 29 U.S.C. § 203(d).

17.     Defendants TBV and T. Vigilante should each be deemed an "employer" for purposes of the FLSA including, without limitation, 29 U.S.C. § 216.

18.     All Defendants are co-equally liable for all matters.

19.     At all times material to this action, Defendants were and continue to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

20.     On information and belief, at all relevant times, the annual gross revenue of Defendants exceeded, and continues to exceed, $500,000.00.

## FACTUAL BACKGROUND

21.     Defendants hired Plaintiff to work as a patrol officer in October 2011.

22.     Plaintiff's job duties included driving a company patrol car on a patrol route set by Defendants, providing security to Defendants' customers, and completing reports.

23.     Defendants paid Plaintiff at the rate of $11.50 per hour for his work.

24. On information and belief, Defendants failed to keep track of the actual hours worked by its patrol officers, including Plaintiff.

25. Specifically, Defendants determined the amount of time they wished to credit their employees for a particular patrol route worked and then, without regard to the actual amount of time it took a patrol officer to complete the route, Defendants paid only the amount they assigned for the particular route.

26. Defendants also refused to allow patrol officers, including Plaintiff, to take duty-free lunches, instead requiring that they continue working through lunches and breaks, despite refusing to pay the patrol officers for the lunch and break periods.

27. Defendants refused to pay its patrol officers, including Plaintiff, for travel time back to Defendants' office and premises in a company-owned patrol car following the last scheduled patrol stop on a patrol route.

28. Plaintiff often worked in excess of fifty hours per week, but Defendants generally compensated Plaintiff for fewer then forty hours.

### COUNT ONE
### OVERTIME VIOLATION—29 U.S.C. § 207

29. Plaintiff incorporates and adopts paragraphs 1 through 28 above as if fully set forth herein.

30. While employed by Defendants, Plaintiff regularly worked multiple hours of overtime per week.

31. Plaintiff was a non-exempt employee.

32. Defendants have intentionally failed and refused to pay Plaintiff overtime according to the provisions of the FLSA.

33. On information and belief, Defendants further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with 29 U.S.C. § 207.

34. As the direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive compensation in accordance with 29 U.S.C. § 207.

35. Pursuant to 29 U.S.C. § 216, Defendants are liable to Plaintiff for an amount equal to one and one-half times his regular pay rate for each hour of overtime worked per week.

36. In addition to the amount of unpaid wages owed to Plaintiff, he is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

37. On information and belief, Defendants' conduct in failing to properly compensate Plaintiff, in violation of the FLSA, was willful.

38. Defendants have not made a good faith effort to comply with the FLSA. Plaintiff has been required to bring this action to recover his federal overtime wages remaining due and unpaid, and his statutory liquidated damages, and as the direct and foreseeable result of Defendant's conduct, Plaintiff has incurred costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

a. Awarding Plaintiff overtime compensation in the amount due for all of their time worked in excess of forty (40) hours per week at a pay rate equal to one and one-half times Plaintiff's regular rates of pay while at work for Defendants, in an amount proved at trial;

b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

e. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

f. For such other and further relief as the Court deems just and proper.

## COUNT THREE
## DECLARATORY JUDGMENT

39. Plaintiff incorporates and adopts paragraphs 1 through 38 above as if fully set forth herein.

40. Plaintiff and Defendants have a dispute pending regarding overtime wages owed under the FLSA.

41. The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

42. Plaintiff is entitled to declarations, and requests that the Court make declarations as to the following matters and as to other matters deemed appropriate by the Court:

    a. Defendants employed Plaintiff.

    b. Defendants are engaged in an enterprise covered by the overtime and wage provisions of the FLSA.

    c. Plaintiff individually is covered by the overtime and wage provisions of the FLSA.

    d. Plaintiff was not an exempt employee.

    e. Plaintiff worked hours in excess of forty hours per week.

    f. Plaintiff was entitled to be paid at a rate of one and one-half times his regular rate of pay for each hour he worked in excess of forty hours per week.

    g. Plaintiff is entitled to compensation for all travel time in Defendants' vehicles.

    h. Plaintiff is entitled to compensation for all meal periods and breaks during which he was not relieved from duty.

    i. Defendants failed to track the actual hours worked by Plaintiff.

    j. Defendants failed to pay Plaintiff for his overtime hours at the required overtime rate.

    k. Defendants' failures to properly compensate Plaintiff were willful or in knowing and reckless disregard of Plaintiff's rights and of the requirements of the FLSA.

    l. Plaintiff is entitled to liquidated damages.

    m. Plaintiff is entitled to recover his unpaid and underpaid overtime hours for a period of three years preceding the filing of this Complaint.

43. It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

44. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Declaring that the acts and practices complained of herein are in violation of the FLSA;

    b. Awarding Plaintiff his reasonable attorney's fees and the costs and expenses of the litigation; and

    c. For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

1 | Plaintiff and all similarly situated employees hereby request that, upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated: May 19, 2014

                              Respectfully submitted,

                              **PHILLIPS DAYES LAW GROUP PC**

                              By: /s/ John L. Collins
                                    John L. Collins
                                    Arizona Bar No. 030351
                                    johnc@phillipsdayeslaw.com
                                    Attorney for Plaintiffs